## No. 7440.

### W. A. BRYAN VS. VICTOR M. LANGE.

A bond for a devolutive appeal need not be filed before the return-day, but is in time if filed before the expiration of the three days allowed for filing the transcript.

Executory proceedings conducted contradictorily with a curator *ad hoc* appointed to represent an alleged absentee, when in fact the proper defendant was domiciled in the State, are absolutely null.

A seizing creditor cannot, by purchasing at a null sale provoked by himself, acquire a good title. The semblance of title created by such proceedings is insufficient for the purpose of prescription.

But a possessor even in bad faith under such a title can make to one in good faith a title that will enable this latter to prescribe, and such an one will not be liable for revenues prior to the institution of the suit.

The annulment of a sale entails restitution as a legal sequence. The evicted party, although not the plaintiff in the executory process but his vendee merely, is entitled to the restitution of the price paid by him, and notwithstanding the tender or payment of this price was not pleaded as a condition precedent to recovery of it, the plaintiff must pay it before he can take possession.

APPEAL from the District Court for East Baton Rouge, McVEA, J.

*Barrow & Pope* for Plaintiff Appellant.   *Knickerbocker* for Defendant.

Bryan, the plaintiff, bought an improved lot in the town of Baton Rouge in 1860 for $1,500, of which $400 were paid cash and for the residue gave his note secured by vendor's privilege and special mortgage. In 1864 the vendor foreclosed the mortgage and bought in the property for the unpaid price, but in that proceeding Bryan was alleged to be an absentee and a curator *ad hoc* represented him under appointment, when the fact was that he was within the State in the Confederate army, and was domiciled in an adjoining parish where his family resided. In 1869 the original vendor, purchaser at this mortgage sale, sold the property to Lange, the defendant, for $750. In 1877 Bryan brought this petitory action to recover the property. Lange pleaded the validity of his title, averred good faith under a title translative, pleaded prescription, and prayed in the event of the annulment of the sale to him that he have judgment against the plaintiff for the price paid by him with privilege. He had judgment below and the plaintiff appealed.

On motion to dismiss,

WHITE, J. The appeal was devolutive and was returnable on second Monday of February, 1879. The appeal bond was filed below after the return day, but before the end of the three days allowed for filing the transcript, and the transcript, including the appeal bond, was filed here within the three days. The bond was filed in time, and the motion to dismiss is therefore denied.

On the merits,

There can be no doubt of the nullity of the proceedings for seizure and sale, as well as of the sale thereunder. True, the purchaser offered to return the property upon payment of the debt which was the residue of its price, but whilst this fact may and does destroy any inference of intention to defraud, it cannot cure the absolute nullity of the proceedings. Dean *v.* Nelson, 10 Wallace, 172; Lasere *v.* Rochereau, 17 Wallace, 438; Surge *v.* Cobner, 22 A. 22; 24 A. 353.

The plea of prescription is untenable. The defendant acquired on the 28th of June, 1869, the present suit was commenced on the 12th of November, 1877, and citation was served on same day. The prescription however it is contended must be considered as having commenced from the date of the adjudication in the seizure and sale proceedings. The semblance of title created by such a proceeding was insufficient to form the basis of the ten years' prescription. A seizing creditor cannot, by purchasing at an absolutely null sale provoked by himself, convert the absolutely null proceedings into a title possessing the requirements of C. C. 3478. McCloskey *v.* Webb, 4 R. 201.

But while, this is undoubtedly true, it is also undoubted that even a possessor in bad faith can make such title to one in good faith as would, after the lapse of ten years, be a proper basis for the prescription of ten years, and, therefore, that the claim of revenues against the defendant is unwarranted from the date of the institution of this suit. C. C. 3452.

Thus whilst the plaintiff is entitled to revenues from the date of the institution of the present suit, those revenues are, we think, more than overbalanced by the interest on the price paid by the defendant for the property, and for which he has prayed judgment in his answer. The annulment of the sale necessarily brings that integrity

of restitution·by which the parties are to be placed in the same condition they were before the sale. C. D. 3409. Whilst the original plaintiff in the executory proceedings has not been called in warranty yet we think that the defendant as holding under her by virtue of the sale, to the extent of the price by him paid is *pro tanto* up to the price paid entitled to recover, and that this right, whilst not pleaded as a condition precedent to the hearing of the cause, is nevertheless one which the plaintiff must satisfy before he can take possession of the property. It would be against every principle of justice and moral right to allow the plaintiff to take the property without paying the price and thus to despoil the defendant.

It is therefore ordered, adjudged and decreed that the plaintiff be and he is recognized as the owner of the property sued for, conditioned on plaintiffs within six months from the first of May, 1879, paying defendant the sum of seven hundred and fifty dollars, all revenues up to said payment being the property of defendant. Nothing hereon to be considered as concluding the original vendor or others holding the same from enforcing so much of the claim as may be due after payment of the sum herein provided. That no writ of possession issue hereunder until this decree has been complied with.